Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4173 | **DATE** | 8/9/2010 |
| **CASE TITLE** | Ryerson, Inc. Vs. Federal Insurance Company | | |

**DOCKET ENTRY TEXT**

Ryerson's motion to strike (39) is granted in part as to affirmative defenses fifteen and sixteen, but denied as to the remaining affirmative defenses.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff Ryerson, Inc. ("Ryerson") moves to strike defendant Federal Insurance Company's ("FIC") amended affirmative defenses 2-4, 7-12, and 14-19, arguing that defenses 2-4, 7-12, 14 and 17 violate the "mend-the-hold" doctrine, and defenses 2, 3, 7-8, 14-16, and 18-19 are insufficiently pleaded.

    FIC issued a directors and officers insurance policy to Ryerson that was in effect from January 1, 1998 through January 1, 2001 (the "FIC policy"). On April 9, 1999, Ryerson was sued in the Circuit Court of Cook County by EMC Group, Inc. (the "EMC action"). In the EMC action, EMC alleged that Ryerson did not adequately disclose material facts and documents when selling securities in connection with a stock sale to EMC. Ryerson notified FIC of the EMC action. On June 16, 1999, FIC sent a letter to Ryerson accepting the EMC claim as notice of a potential claim, but noted that based on the information FIC had received to date the claim did not "meet the definition of a Securities Transaction under the Policy." FIC's letter stated that its position was "subject to further evaluation as additional information becomes available" and that it "reserve[d] its right to assert additional terms and provisions under the policy and at law, which may become applicable as new information is learned." The letter invited Ryerson to "submit for our review any information which you might now have or in the future obtain that you believe may bear upon the question of insurance coverage in this matter." After sending this letter, FIC heard nothing else about the EMC claim until Ryerson filed this lawsuit about ten years later.

    Ryerson contends that because the June 1999 letter only based the denial of coverage on the policy's definition of "Securities Transaction,"

## STATEMENT

FIC is tied to that one policy-based defense in this litigation pursuant to the mend-the-hold doctrine. In support of this argument, Ryerson cites to *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 363 (7th Cir. 1990)(explaining that mend-the-hold precludes "[a] party who hokes up a phony defense to the performance of his contractual duties and then when that defense fails (at some expense to the other party) tries on another defense for size"). However, contrary to Ryerson's contentions, *Harbor Ins.* does not mandate application of mend-the-hold here. In fact, the defendant in *Harbor Ins.* conceded that some changes in litigating position should not be deemed forbidden under the doctrine. *Id*. at 364. As a result, the court did not address "whether [mend-the-hold] applies outside the contract area and whether it precludes alternative pleading from the outset as distinct from a change in position not motivated by new information or other changed circumstances." *Id*. at 364-65. Moreover, *Harbor Ins*. concluded that the doctrine's reach is "uncertain," not that FIC's affirmative defenses are barred at this stage in the proceedings. *Id.* at 364.

The other authority cited by Ryerson is distinguishable. For example, to the extent *Coulter v. Employers Ins. Co.*, 78 N.E.2d 131, 136 (Ill. App. Ct. 1948) supports Ryerson's argument, its holding is contrary to more recent, persuasive authority. *See Jones v. Universal Cas. Co.*, 630 N.E.2d 94, 101 (Ill. App. Ct. 1994)(disagreeing with *Coulter*, explaining "[w]e believe the better rule is that insureds must show that they relied to their detriment upon the insurer's failure to assert a particular defense"); *see also Trossman v. Philipsborn*, 869 N.E.2d 1147, 1167 (Ill. App. Ct. 2007)(refusing to apply mend-the-hold where no detriment, unfair surprise, or prejudice was shown). In *Indian Harbor Ins. Co. v. Lunn*, No. 06 C 3008, 2007 WL 1725300, at *5-6 (N.D. Ill. June 12, 2007), the court refused to consider facts and allegations in support of alternative defenses on summary judgment where the insured's motion only sought a "declaratory judgment concerning the breach of notice provision in the Policy" – it does not support striking FIC's affirmative defenses at the pleading stage. Finally, I disagree with *Liberty Motor and Mach. Co. v. The Hartford Accident and Indem. Co.*, No. 90 3861 WLB, 1992 U.S. Dist. LEXIS 22529, at *1-2 (S.D. Ill. March 18, 1992). The *Liberty Motor* court's decision to strike affirmative defenses not included in the insurer's initial denial of coverage relies solely on *Harbor Ins*. and, as already explained, I do not read *Harbor Ins*. to mandate application of the mend-the-hold doctrine in that situation.

Ryerson also argues that certain defenses are inadequately pleaded. First it attacks defenses two, three, and fourteen, which allege that Ryerson, by not communicating with FIC after the initial denial of coverage letter was received, was not in compliance with the "Notice" and "Defense and Settlement" provisions of the contract, and breached its duty of good faith. While the information provided is basic, I find these defenses are sufficiently pleaded.

Next, Ryerson argues that because FIC did not allege prejudice with particularity, its laches defense (number seven) must be dismissed. Here, the complaint does not provide any reason for the almost ten-year delay in filing suit. While mere delay will not establish laches, an unexplained, unreasonable delay may raise the presumption of prejudice. *Wilmes v. U.S. Postal Serv.*, 810 F.2d 130, 134 (7th Cir. 1987). Accordingly, I find FIC's laches defense is adequately pleaded.

## STATEMENT

Ryerson also complains that FIC has not alleged facts in support of its eighth defense for failure to abide by various provisions of the insurance contract. Again, this defense is allegedly based on Ryerson's inaction, which is sufficient for pleading purposes.

As for FIC's fifteenth and sixteenth defenses regarding the statute of limitations and its defense to fines or penalties imposed by law, I agree with Ryerson that no factual predicate has been pleaded – those defenses are stricken.

Ryerson also contends that FIC's eighteenth defense for estoppel, waiver, and forfeiture is insufficiently pleaded; however, FIC plainly states that these claims are based on Ryerson's failure to timely assert its rights under the policy and intentionally relinquished those rights when it "failed to communicate with [FIC] for nearly ten years and defended and settled the [EMC claim] without seeking or obtaining [FIC's] consent," causing FIC prejudice. While not exhaustive, FIC's allegations are more than bare bones allegations of estoppel, waiver, and forfeiture, and therefore survive the motion to strike.

Finally, Ryerson argues that FIC was obligated to explain what Ryerson could have done to mitigate its damages. But threadbare mitigation defenses are allowed at the outset of a case. *See e.g., LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F. Supp. 2d 840, (N.D. Ill. 2008). Therefore, the motion to strike FIC's nineteenth defense is also denied.

Accordingly, Ryerson's motion to strike is granted in part as to affirmative defenses fifteen and sixteen, but denied as to the remaining affirmative defenses.